Burke, J.
In this article 78 proceeding, respondents appeal from an order of the Appellate Division, Second Department, which affirmed, two Justices dissenting, a judgment of the Supreme Court, Kings County, granting the petition directing the respondents to accept the petitioner’s lottery ticket for inclusion in a final bonus drawing originally to have been held on June 15, 1972, although the petitioner had not timely registered for the drawing as required by the applicable provisions of the 17YCRR.
Petitioner is the holder of a 50-cent lottery ticket, number 452379, which, because of the correspondence between its last *136 two digits, 7 and 9, and those of the winning ticket for the period ending May 18, 1972 (see 20 NYCRR 700.52), was eligible for participation in a bonus drawing to be held pursuant to 20 NYCRR 700.54. In accordance with section 700.54 (subd. [b]), a preliminary drawing was held on May 25, 1972, consisting of the “ random selection of three digits in order. ” Bonus participants whose six-digit tickets commenced with ‘ ‘ the randomly selected three digits, in the same order,” were then eligible for the final bonus drawing provided they registered their names and addresses within 18 days of the preliminary drawing at one of the offices designated by the commissioner for that purpose (see § 700.54, subd. [d])[1]. Although this registration requirement was not obvious from the face of the lottery ticket, it could be found in the applicable rules relating to the bonus drawing as well as in some 69 full-page newspaper advertisements carried throughout New York State on May 26, 1972.
Allegedly unaware of the registration requirement, or at least of the time limitations relating thereto, petitioner, although eligible, failed to register for the final bonus drawing within the prescribed 18-day period (by June 12, 1972), presenting the ticket for registration instead on the 19th day, June 13, 1972, two days before the scheduled drawing. Registration was refused as being untimely. The petitioner immediately commenced this article 78 proceeding, charging that since she had given notice of her eligibility both by personal appearance at a designated office and by telegram to lottery officials in Albany prior to the date of the drawing, it was “ unreasonably capricious and arbitrary ” for the Department of Taxation and Finance to refuse to accept her registration.
As noted above, Special Term, without opinion, granted the requested relief, directing the respondents to accept the petitioner’s ticket for inclusion in the delayed drawing. The Appellate Division affirmed, with two dissents, the majority concluding that the commissioner was arbitrary and capricious in rejecting petitioner’s tendered registration since the regulations regarding the operation of the final bonus drawing were “ too nebulous *137 to permit a forfeiture of petitioner’s right to have her lottery ticket number included in the final bonus drawing.” This was based on their observation that: “ [T]here is neither a provision in the * * * regulations for a definitive determination of the date of the preliminary bonus drawing or the length of the registration period, or for the giving of notice in any manner by the State to eligible ticketholders once such a date and registration period are established by the Commissioner. There is no information printed on the lottery ticket which would enable the ticketholder to ascertain the appropriate time schedule and conduct to be observed ” (40 A D 2d 534). The dissenters, on the other hand, found the commissioner’s regulations to be both authorized and sufficient, noting that while the regulations did not explicitly provide for notice as to the date of the preliminary drawing, from which date the registration period began to run, the State-wide press releases informing the public of that date and of the registration requirement were ‘1 adequate and reasonable notice to all parties in interest and their publication was within the scope of authority conferred upon the Commissioner, whose rules and activities are binding upon such parties in interest (see Matter of City of Utica v. Water Pollution Control Bd., 5 N Y 2d 164, 169) ” (40 A D 2d 534, 535). The reasoning of the dissenters is, in our opinion, more compelling.
Pursuant to article 30 of the Tax Law, the respondent Commissioner of Taxation and Finance is vested with the power and duty “to operate and administer the [State] lottery, and to promulgate rules and regulations governing the establishment and operation thereof, ” including but not limited to such factors as the type of lottery to be conducted, the numbers and sizes of the prizes, and the frequency of the drawings (Tax Law, § 1305). Exercising this power, the commissioner promulgated rules and regulations establishing and relating to the 50-cent weekly lottery (see 20 NYCRR 700.48 et seq.) with provisions therein for the bonus drawing here in question (§ 700.54).
As indicated above, section 700.54 of the lottery regulations sets forth a rather complex structure for the running of a bonus drawing, providing for (1) a preliminary drawing narrowing eligibility for the final drawing to those whose tickets begin with the “ three digits randomly selected ” therein, (2) a registration period of “ at least ” 18 days running from the date of the pre *138 liminary drawing, and (3) the final drawing “ which may be conducted three days after the termination of the registration period” (§ 700.54, subd. [d]). The section leaves the determination as to the frequency of the bonus drawings entirely within the discretion of the commissioner (§ 700.54, subd. [e]).
In the instant proceeding, petitioner does not question the fact that the scheduled June 15,1972 bonus drawing would have fully complied with all the applicable rules and regulations. Admittedly, the commissioner publicized a preliminary drawing on May 25,1972 and set an 18-day period, ending June 12, 1972, for registration for the June 15 drawing. The 18-day registration requirement was widely publicized in newspapers throughout the State. Nor is it questioned that the petitioner failed to establish her eligibility for the final drawing by registering within the 18 days as required; or that the respondents ’ refusal to accept the tendered ticket was in adherence to the regulations. The petition merely alleges that the respondents were ‘ ‘ capricious and arbitrary ” in refusing to register her after the prescribed period. Since the respondents ’ refusal was in compliance with the applicable regulations and thus an exercise of its broad rule-making powers, judicial review is limited to a search for a rational basis. If a rational basis for the administrative determination can be found, then the respondents’ refusal to register the ticket was not arbitrary and capricious (see, e.g., Matter of Sullivan County Harness Racing Assn. v. Glasser, 30 N Y 2d 269, 277-278; Matter of Howard v. Wyman, 28 N Y 2d 434, 435; Matter of Colton v. Berman, 21 N Y 2d 322, 334; Matter of Fink v. Cole, 1 N Y 2d 48, 53; 1 N. Y. Jur., Administrative Law, § 178, pp. 594-595), and the courts may not upset the agency determination.
We find nothing unreasonable in the respondents’ strict enforcement of the 18-day registration period. A rational basis for the refusal to accept late registrations can be found in the affidavit of Deputy Assistant Attorney-General Kantor which states: “ The three day period between the close of registration and the date of the final bonus drawing is necessary to assure that tickets which have been submitted are properly processed in preparation for the final bonus drawing. ” In support of this conclusion the various steps involved in processing were detailed, including the examination of tickets for forgeries, the transportation of the tickets from the district offices throughout the State *139 to Albany, and the preparation of the celluloid discs (containing the names and addresses of the eligibles) which are ultimately placed in the drum from which the winners are selected. In light of these necessary predrawing procedures, it would seem reasonable for the respondents to refuse to accept registrations for three days prior to the drawing since late registrations, which if accepted from one would have to be accepted from all eligible ticketholders, could render it impossible to hold the drawing on the scheduled date. Moreover, the regulations fully anticipated disqualification by failure to timely register and provided for alternative bonus pool prizes for such ticketholders (§ 700.54, subd. [d]).
Regarding the objections of the Appellate Division majority concerning date determinations and notice, here again we are dealing with the commissioner’s exercise of the broad rule-making powers delegated to him by section 1305 of the Tax Law. Accordingly, if a rational basis for the questioned regulations is evident, judicial review is exhausted (see, e.g., Matter of Sullivan County Harness Racing Assn. v. Glasser, 30 N Y 2d 269, supra). Here there is such a rational basis — given the nature of the 50-cent lottery ticket (i.e., bearer form, no names or addresses being recorded by the State at the time of sale) and of the bonus drawing (i.e., the irregularity of the intervals between bonus drawings and the necessity for conversion from numbers to names),[2] newspaper publication of drawing dates and registration periods was the only practical method of conveying the information to interested parties. Moreover, the fact that newspaper publication was to be the method of notification vis-a-vis drawing and registration dates was ascertainable by such interested parties at any office of the New York State Department of Taxation and Finance, reference to which appeared'on the back of the tickets. Since there is thus a rational basis for the regulations in question, they cannot be held to be arbitrary and capric *140 ions, and the courts below, therefore, erred in substituting their judgments for that of the Tax Commission (see 1 N. Y. Jur., Administrative Law, § 197, pp. 645-647).
Accordingly, the order of the Appellate Division should be reversed.
Chief Judge Fuld and Judges Bbeitel, Jasen, Gabrielli, Jones and Wachtler concur.
Order reversed, without costs, and petition dismissed.

. Bonus participants whose tickets correspond with only the first two of the three randomly selected digits are entitled to a “bonus pool prize” as are the final-drawing eligibles who fail to register within the 18-day registration period (§ 700.54, subds. [c], [d]).

. As the respondents’ brief indicates, the bonus drawings are held at irregular intervals covering from one to ten weeks. Each week there are several tickets sold with the same number. Given the “pool” nature of the bonus lottery, in which an undetermined number of parties share in a specific amount of money, it becomes necessary to convert the numbers into names in order to determine how many participants are involved and what each proportionate share is — thus the registration requirement.