■ In the Matter of ABRAHAM I. LIBOW et al., Appellants, v COMMISSIONER OF THE DEPARTMENT OF AGRICULTURE AND MARKETS OF THE STATE OF

NEW YORK et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered August 11, 1976 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel the rescission of the promotions and appointments of the individual respondents and reassign petitioners to these positions with back pay. Petitioners were permanent employees in the classified civil service of the State of New York in the positions of senior meat inspector and meat inspector in the Department of Agriculture and Markets. Effective July 15, 1975, the meat inspection functions of the State were transferred to the Federal Government resulting in the abolishment of the positions of the petitioners herein and others. The individual respondents were appointed to positions of either senior food inspector or food inspector between March 6, 1975 and July 15, 1975 by virtue of their having been on either a civil service promotion eligible list or a civil service open competitive list for those titles. Petitioners contend that the respondent State officials were required to apply the provisions of section 5.8 of the Rules and Regulations of the Department of Civil Service (4 NYCRR 5.8) and thereby create a placement roster which would have entitled the petitioners to be appointed to the positions now occupied by the individual respondents. Special Term dismissed the petition herein on the ground that transfers or reassignments of affected employees whose names appear on a placement roster need only be made on a title for title basis and that section 5.8 was not violated. Special Term cited an interpretive ruling of the Department of Civil Service which provided for reassignment only on a title for title basis and held that this construction of the regulation by the agency had a rational basis. Petitioners first contend that a placement roster was created by the State but not followed. This argument is without merit as the proof fails to establish the creation of the placement roster. Next, petitioners claim alternatively, that the department respondent's failure to create a placement roster was arbitrary and capricious. This contention likewise is without merit since the regulations are clear that the establishment of a placement roster is discretionary with the Department of Civil Service (4 NYCRR 5.8). The purpose of the placement roster is to make provision for reassignment of personnel where layoffs are *expected* or known to occur in the future. Because of this future contingency aspect, the department has construed the placement roster to be applicable only for reassignment on a title for title basis. The department asserts that to do otherwise would be inefficient and unnecessarily disruptive of State government operations. It is also to be noted that due to the abolition of the entire meat inspection program there was no reason to create a placement roster. Thus, it is evident that the administrative decision not to create a placement roster is supported by a rational basis and, therefore, must be upheld *(Matter of Saur v Director of Creedmore Psychiatric Center,* 41 NY2d 1023; *Matter of Caplan v New York State Dept. of Taxation & Fin., Div. of Lottery,* 32 NY2d 134). Thirdly, petitioners assert that Special Term erred in adopting the construction given section 5.8 by the Department of Civil Service in that the department's interpretation is contrary to the plain language of the regulations. We disagree. As we already indicated, there is a rational basis for the interpretation placed on the regulation by the Department of Civil Service. The construction given regulations by the agency responsible for their administration must be upheld if not irrational or unreasonable *(Matter of New York Life Ins. Co. v Glavin,* 35 NY2d 52; *Matter of Howard v Wyman,* 28 NY2d 434, 438). Judgment affirmed, without costs. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.