In the Matter of P. T. & L. CONSTRUCTION CO., INC., Appellant, v WILLIAM C. HENNESSY, as Commissioner of the Department of Transportation of the State of New York, et al., Respondents.—Appeal from an order and judgment of the Supreme Court at Special Term, entered June 5, 1978 in Albany County, which dismissed, upon an objection in point of law, petitioner's application in a proceeding pursuant to CPLR article 78. Petitioner, pursuant to competitive bids submitted on or about May 24, 1973, was awarded, and thereafter entered into a contract with the respondent Department of Transportation for certain highway construction. Some of the materials required by petitioner for performance of the contract contain petroleum derivatives. The Legislature subsequently enacted chapters 944 and 945 of the Laws of New York of 1974, which provide in pertinent part: "Whenever the terms and conditions of a construction contract awarded by the state of New York based upon a bid submitted prior to December thirty-first, nineteen hundred seventy-three requires a contractor to furnish materials containing petroleum derivatives of any kind or steel products and said bid was based on material prices existing prior to December thirty-first, nineteen hundred seventy-three, line items in such contract pertaining to such materials may be adjusted upon a determination made by the officer of the department, board or agency that awarded such contract that there has been an increase in the cost of acquisition by the contractor, subcontractor or materialman of such materials or components thereof in excess of fifteen percent, determined as of the time of the award" (L 1974, ch 945, § 1). Although this legislation was to expire on April 30, 1975, the expiration date was extended to April 30, 1976 (L 1975, ch 447, § 1). Petitioner purchased certain petroleum derivative products after April 30, 1976 and applied for an adjustment for the increased costs. The application for adjustment was not approved on the ground that the petroleum derivative products for which adjustment was sought were not purchased prior to the expiration date of the statute. This proceeding was then commenced seeking an order directing respondent commissioner to modify the contract to reflect the increased costs of acquisition of the petroleum derivative materials delivered after April 30, 1976. Respondents moved pursuant to CPLR 7804,

subd [f]) for an order dismissing the petition. Special Term dismissed the petition and this appeal ensued. Respondents are charged by chapters 944 and 945 with the responsibility for their administration in cases such as that presented herein. Consequently, we are of the view that contrary to petitioner's assertion, the construction given chapters 944 and 945 by the respondents must be upheld if not irrational or unreasonable *(Matter of Howard v Wyman*, 28 NY2d 434; *Matter of Libow v Commissioner of Dept. of Agric. & Markets of State of N. Y.*, 60 AD2d 940). Concerning interpretation of chapter 945, petitioner contends that respondents are required thereby to make an adjustment for the increase in the cost of acquisition of all petroleum derivative products which occurred prior to April 30, 1976, and, therefore, adjustments should be made on purchases after April 30, 1976 to reflect increases in the cost of acquisition which occurred prior to that date. Under respondents' interpretation, chapter 945 does not apply to acquisitions made after the expiration date of April 30, 1976. It is the opinion of this court that respondents could reasonably interpret chapter 945 as requiring that the petroleum derivative materials have been purchased by the contractor prior to the expiration date of April 30, 1976 in order to qualify for an adjustment. Such interpretation being neither irrational nor unreasonable, the determination was properly upheld by Special Term. The order and judgment dismissing the petition must, therefore, be upheld. Order and judgment affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.